IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAMON WILLIAMS | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PACESETTER DELIVERY, INC. | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff, Ramon Williams, files this Complaint against his former employer, Defendant, Pacesetter Delivery, Inc., for unpaid overtime wages in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### I.   Parties, Jurisdiction, and Venue

1.

Plaintiff, Ramon Williams, is a resident and citizen of the State of Georgia and may be served through the undersigned counsel.

2.

Defendant, Pacesetter Delivery, Inc. is a Georgia corporation with its principal place of business in DeKalb County, Georgia. Defendant may be served with process through its registered agent, Andrew Jordan.

3.

Defendant employs in excess of 80 employees state wide.

4.

The claims contained in this suit arise under federal law and present federal questions; therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

5.

This Court has personal jurisdiction over Defendant because it is a resident and citizen of the State of Georgia.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in DeKalb County, which is in this Court's Atlanta Division.

## II.  **Factual Allegations**

7.

Pacesetter Delivery offers third-party delivery services throughout the state of Georgia.

8.

Pacesetter Delivery hired Mr. Williams in approximately 2001.

9.

Over the last approximately fifteen years, Pacesetter Delivery assigned Mr. Williams to work at several different car dealerships throughout the metro-Atlanta area.

10.

Although Mr. Williams' tasks varied slightly depending on the car dealership to which he was assigned, he was primarily tasked with warehousing parts that came to the dealership and then delivering those parts to third-parties such as smaller body shops and mechanics in the metro-Atlanta area.

11.

From approximately 2012 until January 2016, Pacesetter Delivery assigned Mr. Williams to Rick Hendrix Toyota (formerly Sandy Springs Toyota).

12.

During his entire employment with Defendant, Plaintiff never made a single delivery to another State.

13.

During his entire employment with Defendant, Plaintiff used his own pickup truck (which weighs less than 10,000 pounds) to make deliveries.

14.

Pacesetter Delivery, Inc. controlled every aspect of Mr. Williams' employment including setting the dress code, establishing sick leave and vacation policies, and dictating required working hours.

15.

In or around December 2015, Mr. Williams was hurt while working for Defendant.

16.

Given the injuries that he sustained, Defendant informed Plaintiff that it no longer had a position for him.

17.

Over the last three years, Plaintiff worked an average of 45-60 hours per week for Defendant.

18.

Plaintiff has never been paid overtime wages of time and a half for the hours he worked in excess of forty per week.

19.

Mr. Williams was a non-exempt employee under the Fair Labor Standards Act.

20.

Pacesetter Delivery is an employer subject to the Fair Labor Standards Act.

21.

Defendant's annual revenue exceeds $500,000.00 per year.

**Count One: Unpaid Overtime in Violation of FLSA**

22.

Plaintiff hereby incorporates by reference Paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23.

Defendant failed to compensate properly Mr. Williams for overtime hours worked during the relevant period in violation of 29 U.S.C. § 207.

24.

Upon information and belief, Defendant failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Mr. Williams for the time period required by law.

25.

Defendant acted willfully in failing to pay the overtime compensation required by the FLSA to Mr. Williams.

26.

Mr. Williams is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees

and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Mr. Williams a jury trial;

B. Award Mr. Williams damages, including liquidated damages, in an amount to be proven at trial for Defendant's willful violation of the Fair Labor Standards Act in unlawfully failing to pay him overtime wages;

D. Award Mr. Williams attorneys' fees and costs in bringing this action; and

E. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 18th day of February, 2016.

> s/Logan B. Winkles
> Logan B. Winkles
> Georgia Bar No. 136906
> CANNON, MIHILL & WINKLES, LLC
> 101 Marietta Street, NW
> Suite 3120
> Atlanta, Georgia 30303
> T: (404) 891-6700
> F: (404) 891-6701
> lwinkles@cmw-law.com