## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this ____ day of November, 2016 between Pacesetter Delivery, Inc. ("Defendant"), on the one hand, and Ramon Williams ("Plaintiff"), on the other hand.

## RECITALS

WHEREAS, Plaintiff filed suit against Defendant on February 18, 2016 in U.S. District Court for the Northern District of Georgia, in a case captioned *Williams v. Pacesetter Delivery, Inc.* Civil Action No. 1:16-cv-525 ("the Action");

WHEREAS, Plaintiff alleged in the Action that Defendant violated the Fair Labor Standards Act in failing to pay Plaintiff overtime wages;

WHEREAS, Defendant deny any violation of law;

WHEREAS, the Parties desire to settle the Action, pending the Court's approval; and

WHEREAS, the Parties jointly seek the Court's approval of this Settlement Agreement;

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, and undertakings set forth in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties, on behalf of themselves, their heirs, representatives, attorneys, insurers, respective officers, directors, shareholders, agents, employees, successors, and assigns, agree as follows:

1. **Settlement Amount.** Defendant shall pay to Plaintiff the total sum of seventeen thousand five hundred and 00/100 dollars ($17,500.00) within seven days of the Court's approval of this Settlement Agreement.

2.  **Payment of Settlement Amount.**  The Settlement Amount shall be delivered to Plaintiff's counsel within seven days of the Court's approval of this Settlement Agreement to the following address:

> Cannon, Mihill & Winkles, LLC
> 101 Marietta Street, NW
> Suite 3120
> Atlanta, Georgia 30303

If the Settlement Amount is made by check, the check should be made out to "Ramon Williams and his attorneys' Cannon, Mihill & Winkles, LLC." Alternatively, Defendant may pay the Settlement Amount within seven days of the Court's approval of this Settlement Agreement by wire transfer to Cannon, Mihill & Winkles IOLTA Trust Account. Counsel for Plaintiff will provide wiring instruction upon request from Defendants' counsel.

3.  **Apportionment of Settlement Amount.**  Plaintiff's counsel shall apportion the Settlement Amounts as follows: Plaintiff shall receive the sum of $11,266.73 and Plaintiff's counsel shall receive the remainder of the Settlement Amount of $6,233.27. Plaintiff's counsel shall be responsible for apportioning and distributing the Settlement Amount to Plaintiff.

4.  **Dismissal with Prejudice.**  Within five (5) days of receipt the Settlement Amount, Plaintiff agrees to dismiss with prejudice the Action in the event the Court has not previously dismissed the Action as part of its approval of the Settlement Agreement. Plaintiff and Defendant agree to work together in good faith to obtain a stipulation of dismissal with prejudice if necessary.

5. **Settlement Agreement Does Not Release Plaintiff's Work-Place Injury.** Plaintiff has asserted a claim for compensation as a result of an injury that he alleged sustain while employed with Defendant. Defendant denies any liability whatsoever. The Parties agree that this Settlement Agreement does not effect, impact, limit, waive, compromise, or eliminate Plaintiff's claims related to his work-place injury whether such claim arises in tort, contract, statute, or otherwise, or Defendant's defenses thereto. Nothing contained herein shall in any way limit Plaintiff's ability to pursue claims for his work-place injury or Defendant's ability to assert any defenses thereto.

6. **Court Retains Jurisdiction to Enforce Settlement Agreement.** The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce any provision contained in this Settlement Agreement.

5. **Assistance to the Court.** Because this Action arises under the Fair Labor Standards Act, the Parties acknowledge that this Agreement must be approved by the Court. The Parties and their Counsel agree to work together to assist the Court to obtain approval of this Agreement.

6. **Governing Law.** The Parties agree and stipulate that this Agreement shall be governed and determined under the laws of the State of Georgia.

7. **Previous Agreements.** This Agreement shall fully and completely supersede and replace any other Agreement that exists between or among the Parties related to this Action.

8. **Counterparts.** This Agreement may be executed in any number of counterparts, which counterparts considered together shall constitute a single, binding, valid, and enforceable Agreement. The exchange of copies of this Agreement and of

signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes.

[Signatures on Following Page]

- 5 -

   IN WITNESS WHEREOF, the parties, intending to be legally bound, have caused this Agreement to be executed.

_____              _____
Ramon Williams                                         Pacesetter Delivery, Inc.
                                                               By: *Gregory Jordan*

**IN WITNESS WHEREOF**, the parties, intending to be legally bound, have caused this Agreement to be executed.

_____  
Ramon Williams

_____  
Pacesetter Delivery, Inc.  
By: _____